UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY EUGENE KELLY,

                   Cr. Case No: 8:09-cr-441-T-24-MAP

v.                      Cv. Case No: 8:14-cv-3017-T-24MAP

UNITED STATES OF AMERICA,

_____

## ORDER

This cause comes before the Court on *pro se* Petitioner Timothy Eugene Kelly's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Cv. Dkt. 1). The Government filed a response in opposition (Cv. Dkt. 13). Upon review, the Court denies Petitioner's § 2255 motion.

### I. Background

After being charged in a two count indictment, on December 4, 2009, Petitioner plead guilty to count one of the indictment, which charged him with possession of a destructive device/pipe bomb in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On March 11, 2010, the Court sentenced Petitioner to a 240-month mandatory minimum sentence of imprisonment, to be followed by a 60-month term of supervised release. (Cr. Dkt. 23).

Petitioner filed a direct appeal arguing, among other things, that the Government had not sufficiently proven that the pipe bomb was a "destructive device." (Cr. Dkt. 27). The Eleventh Circuit affirmed the Petitioner's conviction and sentence finding that the District Court did not err in finding the pipe bomb met the statutory definition of a "destructive device". (Cr. Dkt. 42). Petitioner then timely filed this § 2255 motion.

### II. Discussion

Petitioner sets forth three grounds for relief in his § 2255 motion. Petitioner argues that (1)

1

the Assistant United States Attorney committed prosecutorial misconduct when she claimed that the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") certified that the pipe bomb met the statutory definition of a firearm, (2) he received ineffective assistance of counsel due to counsel's failure to verify whether the Government's classification of the pipe bomb as a destructive device was accurate and supported by evidence and (3) a forthcoming response to his Freedom of Information Act request to ATF will reveal evidence supporting the aforementioned claims.

A.  **Petitioner's first claim is procedurally defaulted**

Ground One, that the Assistant United States Attorney committed prosecutorial misconduct, is barred from consideration in Petitioner's § 2255 motion because of the procedural default rule. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989)).

There are two exceptions to this rule. *Lynn*, 365 F.3d at 1234. The first exception requires that the Petitioner "show cause for not raising the claim . . . on direct appeal *and* actual prejudice from the alleged error." *Id*. (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Mills*, 36 F.3d at 1055; *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *Greene*, 880 F.2d at 1305; *Martorana v. United States*, 873 F.2d 283, 284 (11th Cir. 1989); *Parks v .United States*, 832 F.2d 1244, 1246 (11th Cir. 1987)). The second exception is actual innocence, which is shown through "'new reliable evidence . . . not presented at trial.'" *High v. Head*, 209 F.3d 1257, 1270

(11th Cir. 2000) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

Petitioner alleges prosecutorial misconduct occurred when the Assistant United States Attorney misrepresented that ATF had certified that the pipe bomb met the definition of a firearm within the statute. (Cv. Dkt. 1, at 4). Because Petitioner failed to advance his claim of prosecutorial misconduct in either the district court or on appeal, Petitioner's claim of prosecutorial misconduct is procedurally barred unless it fits into one of the two exceptions described above.

Petitioner's claim fails to fit into the actual innocence exception because there is no evidence establishing that Petitioner is actually innocent, nor does he claim to be actually innocent. *See Lynn*, 365 F.3d at 1235 (citations omitted). Petitioner's claim fails to meet the requirements for the cause and prejudice exception as well. Petitioner fails to point to any "objective factor external to the defense" that prevented him from raising the claim of prosecutorial misconduct while before the district court or on direct appeal. Thus, Ground One is procedurally defaulted and barred from consideration in this § 2255 motion.

In addition, Petitioner's claim is meritless. Petitioner and his counsel were provided with reports that showed that ATF and the State Fire Marshall and Bomb Squad Commander obtained and dissected the device, and advised that it was a pipe bomb. (Cv. Dkt. 13-2). Petitioner's attorney corroborated receipt of this discovery in an affidavit attached to the Government's Response to the § 2255 motion. (Cv. Dkt. 13-2, at 2). Thus, petitioner's argument that the Assistant United States Attorney misrepresented the ATF's certification at the guilty plea hearing or in the plea agreement is without merit.[1]

---

[1] On direct appeal, Petitioner did not advance the claim of prosecutorial misconduct. Petitioner argued that the Government did not sufficiently prove that the pipe bomb was a "destructive device." The Eleventh Circuit foundthat because he pled guilty to a violation of 18 U.S.C. § 922(g)(1), he necessarily admitted that the pipe bomb was a destructive device. (Cr. Dkt. 42, at 7). The Eleventh Circuit also found that even if he had not admitted the pipe bomb was designed

3

B. **Petitioner's second claim does not meet the standard for ineffective assistance of counsel**

Ground Two raises the issue of whether Petitioner was denied his Sixth Amendment right to effective assistance of counsel. (Cv. Dkt. 1, at 5). In Ground Two, Petitioner claims that his counsel did not verify whether the statements made by the Assistant United States Attorney about the ATF certification were accurate and supported by evidence.

Two requirements must be satisfied in order for Petitioner to show that he received ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner must first demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id*. Petitioner must also demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial are not reliable. *Id*.

In order to succeed on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Under the first prong of the test, the reasonableness of an attorney's performance is to be evaluated from the counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id*. at 690. The movant carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Simply showing that counsel erred is not sufficient under this test. *Id*. at 691. Instead, the

---

as a weapon, his plea colloquy and the undisputed presentence investigation both draw the conclusion the pipe bomb was a destructive device. (Cr. Dkt. 42, at 7).

defects in counsel's performance must be prejudicial to the defense. *Id*. at 692. Therefore, under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Petitioner's argument in Ground Two fails as to the first prong of the *Strickland* test; therefore, the Court need not address the prejudice prong. Petitioner's argument fails the first prong because Petitioner has not asserted any facts showing that counsel's performance was deficient. Petitioner asserted that defense counsel did not verify the Assistant United States Attorney's statement about the ATF certification made in the plea agreement's factual basis and during the change-of-plea hearing. (Cv. Dkt. 1, at 5). However, Petitioner's counsel acknowledged that in discovery, Petitioner and Petitioner's counsel were provided with reports that showed that ATF obtained and dissected the device, and advised that it was a pipe bomb and fell under the statutory definition of a destructive device. (Cv. Dkt. 13, at 11); (Cv. Dkt. 13-2, at 2). Moreover, there is no statutory requirement that there be a written certification. Even if Petitioner had insisted that defense counsel obtain additional documentation from ATF, it is not within defense counsel's power to make the Government write such a report or certification. For these reasons, Petitioner's ineffective assistance of counsel claim is without merit.

**C. Petitioner's third claim is not a cognizable ground for relief in a § 2255 motion**

Ground Three is not cognizable for collateral relief under § 2255. Section 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See e.g. United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam).

Petitioner's claim that a Freedom of Information Act request is pending with ATF for records that may show ATF did not certify the pipe bomb had met the definition of a firearm within the statute is not a ground for relief under § 2255. While Petitioner stated he wanted to submit these alleged ATF records as a supplemental filing for this § 2255 motion, no such filing has been submitted. Accordingly, the Petitioner is not entitled to relief on this ground.

### III.   Evidentiary Hearing

Petitioner is not entitled to an evidentiary hearing on the matters presented in his motion. Petitioner bears the burden of establishing the need for an evidentiary hearing. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Chavez v. Sec'y Florida Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir. 2011). If a petitioner does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." *Id.*

### IV.   Conclusion

Accordingly for the reasons stated above, Petitioner's § 2255 motion is **DENIED**. The Clerk is directed to close the civil case and enter judgment in favor of the United States.

**<u>CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED</u>**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to vacate his sentence has no absolute entitlement to appeal a district court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, 124 S. Ct. 2562, 159 L.Ed.2d 384 (2004) (quoting *Slack v. McDaniel* 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell,* 537 U.S. 322, 335–36, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of September, 2015.

*[Signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies To: *Pro se* Petitioner